# STATE

v.

## Michael PRATT.

### No. 95–33–C.A.

Supreme Court of Rhode Island.

Oct. 19, 1995.

Jane McSoley, Aaron Weisman, Providence.

Barbara Hurst, Paula Rosin, Providence.

### ORDER

This matter came before the Supreme Court on October 6, 1995, pursuant to an order directing the state and the defendant to appear and show cause why the issues raised by this appeal should not be summarily decided. In this case, the defendant appeals from a trial justice's denial of his motion to reduce sentence. After hearing oral argument and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown and the issues should be summarily decided.

After a jury trial defendant was found guilty of possession of over five kilograms of marijuana. He was sentenced to 20 years imprisonment and a $20,000 fine was imposed. That conviction was upheld by this court in *State v. Pratt*, 641 A.2d 732 (1994). The defendant, thereafter, filed a motion to reduce sentence in Superior Court pursuant to Super.R.Crim.P. 35. At the hearing on the motion, defendant argued that the trial justice erred in his interpretation of the sentencing statute for possession of over five kilograms of marijuana, General Laws 1956 (1989 Reenactment § 21–28–4.01.2(B)). At the time of the defendant's offense and conviction, the statute provided that persons convicted of possession of more than five kilograms of a mixture containing marijuana:

shall be imprisoned not less than twenty (20) years and may be imprisoned for a term up to life . . .; the trial justice imposing sentence shall impose a minimum sentence of twenty (20) years imprisonment and may only impose a sentence less than that minimum if he or she finds that sub[s]tantial and compelling circumstances exist which justify imposition of the alternative sentence.

In 1991, prior to the defendant's sentencing, this statute was amended to read "to serve" after "shall be imprisoned not less than twenty (20) years."

At a prebriefing conference held pursuant to Article 1, Rule 16(i) of the Rules of Appellate Procedure, the state and defendant agreed that the sole issue to be summarily decided is whether, prior to the amendment of the statute by the addition of the words "to serve," the trial justice had discretion to suspend a portion of the sentence imposed on the defendant in 1991. This court is of the opinion that the trial justice did, on the day of sentencing, have discretion to suspend a portion of the sentence imposed.

This case is now remanded to the Superior Court for further consideration by the trial justice, without any suggestion that discretion should be exercised or if exercised, in what particular manner.